FILED
2013 Oct-24 PM 04:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE FEDERAL DISRICT COURT OF NORTH ALABAMA, NORTHERN DIVISION**

| | | |
|---|---|---|
| **JAMES FRANK HAMILTON** | **)** | |
| **PLAINTIFF** | **)** | **CIVIL CASE NUMBER ______________** |
| **V.** | **)** | **JURY DEMAND** |
| **AVECTUS HEALTH CARE** | **)** | |
| **SOLUTIONS LLC.** | **)** | |
| **DEFENDANT** | **)** | |

## COMPLAINT

## PARTIES

1. The Plaintiff, James Frank Hamilton, "Hamilton", is an adult individual, residing in Marshall County Alabama and was so residing at all times material here to.
2. The Defendant designated as "Avectus Health Care Solutions LLC", "Avectus", is, based upon information and belief, a corporation organized and existing under the laws of the State of Delaware, whose principal place of business is 503 Cruise Street, Corinth Mississippi, 38834, and which was conducting business therein as well as with in the State of Alabama at all times material hereto.

## STANDING

3. The Plaintiff is an adult individual who claims to have been injured and is a proper party to bring this suit. Pursuant to 15 USCA 1692(k), and 15 USCA 1692 (l), the Plaintiff has standing to bring this action to enforce the "Federal Fair Debt Collection Practices Act", (15 USCA 1692 et. Seq.), "FFDCPA".
4. The Plaintiff has standing to request a Preliminary Injunction, as prescribed by Federal Rules of Civil Procedure (65) (a) (1).

## JURISDICTION

5. This honorable court has jurisdiction over this matter pursuant to 28 USCA 1331, regarding this court's original jurisdiction to hear matters regarding "Federal Questions," more particularly, questions arising under the "Federal Fair Debt Collection Practices Act", 15 USCA 1692 et seq (FFDCPA).

6. This honorable court has jurisdiction to hear this matter pursuant to 28 USCA 1332, regarding "Diversity of Citizenship" and amount in controversy exceeding $75,000.00. The defendant is a Mississippi Corporation, and the Plaintiff resides in Alabama, and Plaintiff claims damages in excess of $75,000.00.

## VENUE

7. Venue in this court is proper pursuant to 28 USCA 1392 (b) (2), in that "A substantial part of the events or omissions giving rise to the claim occurred ……… within the Northern District of Alabama Northern Division."

## STATEMENT OF FACTS

8. On June 28, 2013, the Plaintiff James Frank Hamilton suffered injuries in a collision event between the bicycle he was operating and a motor vehicle driven by Angel Zirkelbach, (not a named party here to).

9. On said date, and until July 3, 2013, Plaintiff was treated for injuries suffered in said collision event in Huntsville Hospital, located at 101 Sivley Road, Huntsville Alabama, 35801.

10. James Hamilton's bills for said Hospital treatment totaled $117,581.66.

11. On August 2, 2013, Avectus Health Care Solutions LLC filed a "Notice of Hospital Lien" against the Plaintiff in the Probate Court of Marshal County Alabama in said amount. The lien was signed and notarized by Kimberlee M. Fair, Attorney for Avectus.

12. The Lien did NOT identify Avectus as the filing party. The lien did NOT contain the statutorily prescribed disclaimer language mandated by the FFDCPA.
13. On or about August 22, 2013, Avectus sent a copy of a "Notice of Amended Hospital Lien" directly to James Hamilton. At that time, Mr. Hamilton was represented by counsel and Avectus was aware of that fact.
14. Further, Avectus sent the "Notice of Amended Hospital Lien" to GEICO Insurance Company and State Farm Insurance Company in an effort to thwart plaintiff's efforts to seek recovery for his injuries.
15. Again, this "Notice of Amended Hospital Lien" did NOT identify Avectus as the filing party nor did it contain the statutorily required language of the FFDCPA.
16. On or about September 5, 2015, Avectus sent a letter to Mr. Hamilton's counsel directing that all settlement negotiations for the alleged hospital lien must go through Avectus. This letter did not contain the statutorily prescribed collection language required by the FFDCPA.
17. Plaintiff ultimately settled his injury claim; however, he was forced to pay to Huntsville Hospital the sum of $36,464.59 to settle this lien pursuant to the direction of Avectus.
18. As a direct and proximate result of this "lien" as filed, Plaintiff suffered financial hardship. He was denied credit. He was denied the ability to open a checking account. His credit was damaged. He experienced difficulty in opening his new business. He had to hire a lawyer to correct these problems.

**CAUSES OF ACTION**

19. Plaintiff claims that Defendant has violated the “Federal Fair Debt Collection Practices Act”, 15 USCA 1692 et seq., in numerous ways which will be plead with more specificity once discovery is commenced.
20. Defendant has violated the Federal Fair Debt Collection Practices act, 15 USCA 1692(a) (1-5) by failing to put in its oral and written communications the statutorily mandated “Debt Collection Language”.
21. Plaintiff asks this honorable court to issue a Preliminary Injunction so as to require Avectus Health Care Solutions to include in all its collection correspondence, written and oral and lien filings, the statutory language as prescribed in 15 USCA 1692 (g) (a) (1-5).
22. The Defendant has violated the Federal Fair Debt Collection Practices Act, 15 USCA 1692(c) (2) by virtue of the fact that the defendant communicated directly with the Plaintiff while on notice that the Plaintiff was represented by counsel.
23. The defendant has engaged in Deceptive Trade Practices as same are defined by Federal Law.
24. The Defendant is a Third Party Debt Collector, as same is defined in 15 USCA 1692 (a) (6) collecting debts for Huntsville Hospital and other health care providers. Defendant even has one of its employees occupying office space in Huntsville Hospital, known as “An Onsite Representative”, to assist in the collection of these third party debts.
25. Defendant did not own Mr. Hamilton’s debt and directed that payment should be made directly to Huntsville Hospital.
26. Defendant has engaged in Fraud by representing to Plaintiff that it was an employee/agent of Huntsville Hospital and not a third-party debt collector.

27. All agents and employees of the defendant were acting within the line and scope of their agency and or employment therefore, and as a result, the defendant is liable for all acts and omissions of same as alleged herein under the theory of Respondeat Superior.
28. Defendant's conduct constitutes negligence.
29. Defendant's conduct constitutes wantonness.
30. Defendant's conduct constitutes outrage.

## REQUEST FOR RELIEF/DAMAGES

31. Plaintiff claims from the defendant, any and all actual damages suffered, as allowed by 15 USCA 1692 (k) (a), including fines, attorney's fees, emotional distress and anguish and punitive damages, and court costs and expenses.
32. Plaintiff claims from the defendant statutory damages as allowed by federal statute and federal case law.
33. Plaintiff requests an injunction, both preliminary and permanent, from this court, requiring the defendant to comply with the law as stated herein, in all future correspondence and communications in its efforts to collect third party debts.
34. Plaintiff has suffered damage to his credit, and affirmatively demands that corrections be made thereto by the defendant.

/s/Josh O. Kelly, III
Josh O. Kelly III
ASB NO 6859-E68J
Attorney for Plaintiff
2206 B Clinton Avenue West
Huntsville, Alabama 35805
256-536-1688
josh.kelly@joshkellylaw.com

Plaintiff demands trial by struck jury as to the amount and type of damages.

/s/Josh O. Kelly, III