FILED
2014 Jan-24 PM 03:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **JAMES FRANK HAMILTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Civil Action No.:** |
| **AVECTUS HEALTH CARE SOLUTIONS, LLC,** | ) | **5:13-CV-01967-JEO** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Avectus Health Care Solutions, LLC ("Avectus") submits this Memorandum of Law in support of its Motion for Judgment on the Pleadings. As demonstrated herein, Hamilton can prove no set of facts that entitle him to relief, and his Complaint against Avectus is due to be dismissed as a matter of law.

## I. INTRODUCTION

This action arose following the settlement of a hospital lien perfected by Avectus on behalf of Huntsville Hospital after Plaintiff James Frank Hamilton ("Hamilton") incurred in excess of $100,000.00 in medical care due to injuries sustained in an accident in June of 2013. Hamilton, who was uninsured at the time of the accident, received a settlement from insurance coverage provided by the

party who caused his injuries. In connection with its contractual obligations to Huntsville Hospital, Avectus worked with counsel for Hamilton to apply a relatively small portion of the proceeds received from the insurance companies to satisfy Huntsville Hospital's statutory lien. After Avectus recorded a satisfaction of the hospital lien in September of 2013, Hamilton filed this action and asserted Fair Debt Collection Practices Act ("FDCPA") claims against Avectus, as well as state law claims for fraud, deceptive trade practices, negligence, wantonness, outrage, and a request for injunctive relief. Hamilton has not asserted a viable claim for relief against Avectus.

In the Complaint, Hamilton alleges that Avectus is a "third party debt collector" on behalf of Huntsville Hospital without any evidentiary support. Importantly, neither Hamilton nor his counsel received one demand from Avectus to repay any debt owed to anyone. Additionally, Hamilton fails to provide necessary factual support for his state law claims under the *Federal Rules of Civil Procedure*. Thus, his claims against Avectus are due to be dismissed as a matter of law.

## II. STATEMENT OF UNDISPUTED FACTS

1. On June 28, 2013, Hamilton suffered injuries in an accident and received medical treatment at Huntsville Hospital related to his injuries. (Doc. 1 at ¶¶ 8-9). A true and correct copy of the report from Hamilton's accident is attached hereto as **Exhibit A**.[1]

2. On July 3, 2013, Hamilton was released from the hospital. At that time, Hamilton had incurred $117,581.66 in medical expenses related to his care. (Doc. 1 at ¶ 10).

3. Huntsville Hospital has a contractual relationship with Avectus for reimbursement assistance with regard to potential third-party payors for medical services provided by the hospital. A true and correct copy of relevant portions of the contract between Avectus and Huntsville Hospital is attached hereto as **Exhibit**

[1] *Horsley v. Feldt*, 304 F.3d 1125 (11th Cir. 2002) (documents attached to a 12(c) motion may be considered by the Court without converting the motion to summary judgment, as long as they are central to the plaintiff's claims and their authenticity is not challenged); *see also Porter Capital Corp. v. Johns Manville, Inc.*, Slip Copy, No. 2:12–CV–00925–RDP, 2013 WL 3153519 (N.D. Ala. June 14, 2013) (holding court has discretion to consider documents outside the pleadings without converting to motion for summary judgment when the court finds that two conditions are satisfied: (1) the document must be central to the plaintiff's claims, and (2) the authenticity of the document must not be in dispute) (*citing Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005)); 5C *Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure* § 1371, at 273 (3d ed. 2004) ("It is within the district court's discretion whether to accept extra-pleading matter on a motion for judgment on the pleadings and treat it as one for summary judgment or to reject it and maintain the character of the motion as one under Rule 12(c).").

**B**.[2] Avectus only seeks reimbursement of medical expenses from third-parties, not from patients themselves. *See* Ex. B.

4. On July 15, 2013, Avectus sent Hamilton a letter requesting that he submit a form with information regarding his injuries and potential insurance coverage for his medical care. A true and correct copy of the July 15, 2013 letter to Hamilton is attached hereto as **Exhibit C**.[3] The letter notes that it is not a collection notice but is a service provided by the hospital for patients who may have another party who is responsible for their medical bills. *Id.*

5. Hamilton returned the form to Avectus dated July 18, 2013 with information regarding the nature of his accident and insurance information for the responsibly party. A true and correct copy of the form submitted by Hamilton is attached hereto as **Exhibit D**.

6. On August 2, 2013, Avectus assisted Huntsville Hospital in perfecting a hospital lien for the amount owed by Hamilton as provided for by *Alabama Code* section 11-35-15 (1975) by recording the lien in the Office of the Judge of Probate for Marshall County, Alabama. A copy of the recorded lien is attached hereto as **Exhibit E**.

[2] Avectus Health Care Solutions, LLC is the successor in interest to MedPay Assurance, LLC.
[3] Numerous paragraphs within Hamilton's Complaint reference communications between Hamilton and Avectus. (See e.g., ¶¶ 20, 21).

7. The lien clearly states Huntsville Hospital owns the debt, not Avectus. (See Exhibit E).

8. In connection with the perfection of the lien, Avectus provided Hamilton with notice of the lien as required by *Alabama Code* section 35-11-371 (1975). (Doc. 1 at ¶ 11). A true and correct copy of the return receipt indicating Hamilton's receipt of the lien notice is attached hereto as **Exhibit F**.

9. On August 26, 2013, Avectus recorded an amended lien for Huntsville Hospital that reflected updated information regarding additional parties that may have been liable for damages arising from Hamilton's injuries. A true and correct copy of the amended lien is attached hereto as **Exhibit G**.

10. Just like the prior lien, the amended lien states Huntsville Hospital holds the debt. (See Exhibits E and G).

11. Again, as is required by *Alabama Code* section 35-11-371 (1975), Avectus provided Hamilton with notice of the amended lien. (Doc. 1 at ¶ 13). A true and correct copy of the return receipt indicating Hamilton's receipt of the lien notice is attached hereto as **Exhibit H**.

12. On September 3, 2013, Avectus received a settlement offer from counsel for Hamilton via a letter dated August 28, 2013. A true and correct copy of the settlement offer from Hamilton is attached hereto as **Exhibit I**.

13. In a letter dated September 5, 2013, Avectus responded to counsel for Hamilton's settlement offer with a report that Huntsville Hospital had agreed to release the lien. (*See* Doc. 1 at 16-17). A true and correct copy of the September 5, 2013 letter to counsel for Hamilton is attached hereto as **Exhibit J**.

14. On October 3, 2013, Avectus recorded a satisfaction of lien for Huntsville Hospital in the Office of the Judge of Probate for Madison County, Alabama. A true and correct copy of the recorded satisfaction of lien is attached hereto as **Exhibit K**.

15. In the satisfaction, Huntsville Hospital released the lien, not Avectus. (See Exhibit K).

16. This action was filed on October 24, 2013, asserting claims against Avectus under the FDCPA, as well as state law claims for fraud, deceptive trade practices, negligence, wantonness, outrage, and a request for injunctive relief.

## III. STANDARD OF REVIEW

A Rule 12(c) motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6). *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n.8 (11th Cir. 2002) ("the question was the same: whether the count stated a claim for relief"). Judgment on the pleadings is appropriate when "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Horsley v. Feldt*,

304 F.3d 1125, 1131 (11th Cir. 2002) (*quoting Moore v. Liberty National Life Insurance Co*., 267 F.3d 1209, 1213 (11th Cir. 2001) (internal marks omitted)).

To overcome such a motion, the plaintiff must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Auburn Univ. v. IBM*, 864 F. Supp. 2d 1222, 1223 (M.D. Ala. 2012)(*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). In reviewing a motion under Rule 12(c), "the Court is required to accept the facts alleged in the complaint as true, and to view them in the light most favorable to the nonmoving party." *Swerdloff v. Miami National Bank*, 584 F.2d 54, 57 (5th Cir. 1978).

As recently explained by Hon. David Proctor in *Ramirez-Mendoza v. International Pallet, Inc.*, No. 2:13-CV-00519-RDP, 2013 WL 4013476 (N.D. Ala. Aug. 6, 2013):

> [t]he Supreme Court has recently identified "two working principles" for a district court to use in applying the facial plausibility standard. First, in evaluating motions to dismiss, the court must assume the veracity of well-pleaded factual allegations; however, the court does not have to accept as true legal conclusions when they are "couched as [ ] factual allegation[s]." *Iqbal*, 556 U.S. at 678. Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679. Application of the facial plausibility standard involves two steps. Under prong one, the court must determine the

> scope and nature of the factual allegations that are well-pleaded and assume their veracity; and under prong two, the court must proceed to determine the claim's plausibility given the well-pleaded facts. That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense ... to infer more than the mere possibility of misconduct." *Id*. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Id*.

*Ramirez-Mendoza*, 2013 WL at *2.

## IV. ARGUMENT

### A. HAMILTON'S FAIR DEBT COLLECTION PRACTICES ACT CLAIM FAILS.

Alabama's hospital lien statute, *Alabama Code* section 35-11-370 (1975), was enacted over 20 years ago with the hope that by providing an automatic lien for the reasonable value of services rendered, hospitals would be encouraged to treat a patient injured in an accident without first considering whether the patient could pay the medical bills incurred. *Ex parte University of South Alabama*, 761 So. 2d 240, 244 (Ala. 1999) (*citing* J.F. Rydstrom, *Construction, Operation, and Effect of Statute Giving Hospital Lien Against Recovery From Tortfeasor Causing Patient's Injuries*, 25 A.L.R. 3d 858, 862 § 5(b) (1969)) (stating the purpose of a hospital-lien statute is to lessen the burden imposed on a hospital by nonpaying accident victims). Simply put, "[t]he statute creates an incentive for a hospital to accept a patient who needs medical services but who may be either uninsured or unable to pay for such services" – patients just like Hamilton who did not have

health insurance at the time of his accident. *See id.*; Ex. I; *see also Progressive Specialty Ins. Co. v. Univ. of Alabama Hosp.*, 953 So. 2d 413 (Ala. Civ. App. 2006) (hospital has lien upon all actions, claims, counterclaims, and demands upon all judgments and settlements applied to money owed to patient under medical payments coverage of automobile policy; statute is not limited to tort claims or monies recovered in tort settlements or action and is applied to monies due a patient by virtue of a contractual undertaking such as an insurance policy).

In his Complaint, Hamilton asserts that Avectus is a "third party debt collector" under the FDCPA because it a) assists Huntsville Hospital in perfecting its automatic statutory hospital lien; and b) contacted Hamilton regarding the availability of insurance proceeds from a third-party to assist in satisfying Huntsville Hospital's lien. *See generally*, Doc. 1. To assert a claim under the FDCPA, a plaintiff must establish the following elements: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Buckentin v. SunTrust Mortg. Corp.*, 928 F. Supp. 2d 1273 (N.D. Ala. 2012) (*citing Janke v. Wells Fargo and Co*., 805 F. Supp. 2d 1278, 1281 (M.D. Ala. 2011). Hamilton cannot establish any of the required elements in support of his FDCPA claim, and thus Avectus is entitled to judgment as a matter of law.

**1. *Hamilton has not been the object of collection activity by Avectus.***

Courts have routinely held failure by the plaintiff to demonstrate he was the object of "collection activity" dooms an FDCPA claim. *See Miller v. Wells Fargo Bank, N.A., Inc*., No. 1:12–CV–2708–RWS, 2013 WL 1189503 (N.D. Ga. March 21, 2013) (finding plaintiff failed to demonstrate she was the object of collection activity when communications from law firm merely informed plaintiff of the pending foreclosure sale and were not communications in an attempt to collect a debt); *Gillespie v. Chase Home Finance, LLC*, No. 3:09–CV–191–TS, 2009 WL 4061428 (N.D. Ind. Nov. 20, 2009) (holding plaintiffs had not been object of collection activity as letters to plaintiffs were in the nature of providing information versus demanding payment of a debt owed, observing that "Although ensuring payment of the debts cannot be denied as the Defendant's ultimate goal, the letters themselves did not provide terms of payment or deadlines, threaten further collection proceedings, or demand payment in any form. Accordingly, they are not the types of communications that § 1692c proscribes."); *Porter v. Fairbanks Capital Corp*., No. 01 C 9106, 2003 WL 21210115, at *3 (N.D. Ill. May 21, 2003) (holding videotape encouraging borrowers to contact the loan servicing center and suggesting possible loan workout options did not demand payment and could not be construed as a communication in connection with the collection of any debt); *Santoro v. CTC Foreclosure Service*, 12 Fed. Appx. 476, 480 (9th Cir.

2001) (holding "[a] letter suggesting loan workout options is not seeking to collect the debt.").

Just as in the cases cited above, Hamilton cannot demonstrate his FDCPA claim against Avectus because he has not been the object of "collection activity." Specifically, the initial communication from Avectus noted the letter was *not* a collection notice and that "someone else" may be responsible for the medical expenses owed to Huntsville Hospital. *See* Ex. C. The letter did not provide terms of payment or deadlines, threaten further collection proceedings, or demand payment in any form. Instead, the correspondence was in the nature of requesting and providing information. Hamilton cannot present a single communication from Avectus that demands payment – either to it or to Huntsville Hospital - because no such communication exists. Therefore, as he cannot establish the required elements in support of his FDCPA claim, Avectus is entitled to judgment as a matter of law.

**2. *Avectus is not a "debt collector" as defined by the FDCPA***

a. Avectus was not "collecting a debt."

Hamilton's FDCPA claim also fails because Avectus is not a "debt collector" as defined by the Act. The FDCPA defines the term "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who

regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6); *see generally Gould v. ClaimAssist*, 876 F. Supp. 2d 1018, 1023 (S.D. Ill. 2012)(*citing Bilal v. Chase Manhattan Mortg. Corp.*, No. 05 C 7120, 2006 WL 1650008, at *3 (N.D. Ill. June 13, 2006) (failure to state a claim when plaintiff asserted defendants were debt collectors without any factual basis); *Jeffries v. Wells Fargo Bank, N.A.*, No. 10-cv-5889, 2011 WL 5023396, at *5 (N.D. Ill. Oc. 19, 2011) (failure to state a claim when plaintiff's allegation that "all defendants are debt collectors" was conclusory). Thus, an "original creditor is not a debt collector; a debt collector is someone who collects debts on behalf of another." *Cater v. AMC, LLC*, 645 F.3d 840, 843 (7th Cir. 2011).

In *Gould*, the Southern District of Illinois rejected similar FDCPA claims against a company that provided insurance coverage coordination services for a hospital for patients injured in motor-vehicle or work-related accidents. In *Gould*, the plaintiff failed to rebut ClaimAssist's evidence that it assisted the hospital and other healthcare providers in processing third-party payor claims and presented no evidence ClaimAssist was a "business the principal purpose of which [was] the collection of any debts, or who regularly collects . . . debts owed or due . . . another." *Id.* at 1022. The court held, in the absence of evidence ClaimAssist "ever obtained plaintiff's debt from the Hospital or that it otherwise acquired

authority to collect the money on behalf of another," ClaimAssist was entitled to judgment as a matter of law. *Id.*

Like *Gould*, Hamilton has failed to allege and cannot establish Avectus performs a service for Huntsville Hospital other than coordination of liens and third-party payor claims. Importantly, Hamilton admits Avectus "did not own" the debt owed to Huntsville Hospital. Doc. 1 at ¶ 25. Thus, no factual support exists for Hamilton's assertion that Avectus is a debt collector under the FDCPA, and his claim is due to be dismissed as a matter of law.

b. The debt was not "in default."

Even if Hamilton can demonstrate Avectus was "collecting a debt," which he cannot, the FDCPA does not apply to persons who are attempting to collect any debt which is not in default. In particular, section 1692a(6)(F)(iii) exempts from the definition of debt collector:

> any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person.

1692a(6)(F)(iii). "[T]he FDCPA is inapplicable to collection efforts by those who obtained the right to payment on the debt before the debt was in default." *Kesselman v. The Rawlings Co.*, 669 F. Supp. 2d 604 (S.D.N.Y. 2009) (*citing Healy v. Jzanus Ltd*., No. 02 CV 1061, 2006 WL 898067, at *5 (E.D.N.Y. Apr. 4, 2006)) (holding subrogation agents pursuing reimbursement for health insurance

carriers were exempt from the FDCPA because they obtained the right to reimbursement before the debt was in default); *Dantin v. Rawlings Co., LLC*, No. 03-116-A, 2005 WL 6075786 (M.D. La. Apr. 13, 2005) (holding defendant was not debt collector within the meaning of the FDCPA); *Gacy v. Gammage & Burnham*, No. 04-CV-1934-PHX, 2006 WL 467937, at *3 (D. Ariz. Feb. 23, 2006) (rejecting plaintiffs' argument that lien was a debt because potential recovery against tortfeasors would be reduced by perfected lien).

Hamilton's Complaint fails to assert that the debt owed to Huntsville Hospital was in "default" at the time it was allegedly referred to Avectus for collection. *See generally*, Doc. 1. As a result, Avectus is exempt from the statutory definition of "debt collector" under the FDCPA, and Hamilton's claim fails as a matter of law.

### B. HAMILTON'S STATE LAW CLAIMS ARE DUE TO BE DISMISSED.

The remainder of Hamilton's Complaint purports to assert a variety of state law claims against Avectus but falls far below the pleading floor set by the *Federal Rules*. However, they contain no factual or legal support and merely present a one sentence conclusory recitation of a potential state law cause of action that Hamilton alleges entitles him to relief. *See* Doc. 1 at ¶¶ 23, 26, 28, 29, and 30; *see also Fed. R. Civ. P.* 8(a)(2); *Twombly*, 550 U.S. 544 (2007); and *Iqbal*, 129 S. Ct.

1937 (2009). The Eleventh Circuit has instructed, in evaluating a motion to dismiss, "conclusory allegations and unwarranted deductions of fact are not deemed true . . . ." *South Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 409 n.10 (11th Cir. 1996) (internal citation omitted).

For his claims of negligence, wantonness, and outrage, Hamilton offers not one allegation. As a matter of law, the Complaint falls woefully short of the requirements under *Twombly* or *Iqbal*. As he has failed to provide any factual content that would allow the Court "to draw the reasonable inference that [Avectus] is liable for the misconduct alleged," these claims against Avectus are also due to be dismissed.

Likewise, Hamilton failed to comply with the heightened pleading standard provided within Rule 9(b) of the *Federal Rules of Civil Procedure* in support of his fraud/deceptive trade practices claim. Under Alabama law, a plaintiff must prove the following elements to establish fraud: (1) a false representation (2) of a material existing fact (3) reasonably relied upon by the plaintiff (4) who suffered damage as a proximate consequence of the misrepresentation. *Mantiply v. Mantiply*, 951 So. 2d 638, 653 (Ala. 2006) (citation omitted); *see also Drummond Co. v. Walter Indus., Inc*., 962 So. 2d 753, 788 (Ala. 2006)(citation omitted); *LaBauve v. Olin Corp*., 231 F.R.D. 632, 673 (S.D.Ala. 2005) ("[P]laintiffs' fraud claims generally require a showing that defendants made a false representation

concerning a material fact, that defendants knew the statement was false or made it in reckless disregard for its truth or falsity, that the plaintiff reasonably relied upon such statement, and that the plaintiff was damaged by virtue of such reliance.") (citation omitted). At the very least when pleading fraud, the complaint should include the time, place and substance of the purported fraud. *See Cooper v. Blue Cross & Blue Shield of Fla.*, 19 F.3d 562, 567 (11th Cir. 1994); *see also Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1991) (rejecting claims that discovery would allow sufficient factual support for fraud claim to be plead, as "Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim.").

Hamilton has failed to plead the bare minimum to support an alleged fraud by Avectus. Indeed, the only factual support Hamilton provided for his fraud claim is the allegation that Avectus fraudulently represented to Hamilton that it was an "employee/agent" of Huntsville Hospital instead of a "third party debt collector."[4] Doc. 1 at ¶ 26. This conclusory allegation fails to provide the "who, what, when, and why" required by Rule 9(b) and should result in the claim's dismissal.

---

[4] Notably, the contractual agreement between Avectus and Hunstville Hospital demonstrates that Hamilton cannot establish that Avectus made a "false representation" regarding its relationship to the hospital, as it is an independent contractor hired to perform third-party payor coordination services for the hospital. *See* Ex. B.

## C. HAMILTON'S REQUEST FOR INJUNCTIVE RELIEF IS DUE TO BE DENIED.

To obtain injunctive relief, Hamilton must demonstrate a substantial likelihood of success on the merits. *See Murphy v. Giles*, No. 2:12–CV–224–MEF, 2012 WL 2930767 (M.D. Ala. June 18, 2012) ("In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion' " as to the four requisites.") (*citing All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion); *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994) (noting that moving party's failure to demonstrating a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements); *Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) ("the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

As noted above, Hamilton has not and cannot assert a viable claim for relief against Avectus. Simply, the claims have no likelihood of success on the merits.

As he cannot demonstrate the necessary elements in support of his request for injunctive relief, his claim is due to be dismissed.

## V. CONCLUSION

Based on the foregoing, Avectus is entitled to judgment as a matter of law. Hamilton's Complaint in this action is due to be dismissed in its entirety.

Respectfully submitted the 24th day of January, 2014.

/s/ Jenna Bedsole
JENNA BEDSOLE
CATHERINE C. LONG

Attorneys for Defendant Avectus Healthcare Solutions, LLC

**OF COUNSEL:**

BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
Wells Fargo Tower, Suite 1400
420 Twentieth Street North
Birmingham, Alabama 35203
Telephone: (205) 328-0480
Facsimile: (205) 322-8007

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon the following via this Court's electronic filing system and/or First Class United States Mail, properly addressed and postage prepaid, on January 24, 2014:

Mr. Josh O. Kelley, III
2206 B. Clinton Avenue West
Huntsville, Alabama 35805
(256) 536-1688
josh.kelly@joshkellylaw.com

/s/ Jenna Bedsole
OF COUNSEL