UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JAMES FRANK HAMILTON** ) | |
| **PLAINTIFF** ) | |
| ) | **CIVIL CASE NUMBER 5:13-CV-01967-JEO** |
| **V.** ) | |
| ) | **JURY DEMAND** |
| **AVECTUS HEALTH CARE** ) | |
| **SOLUTIONS LLC.** ) | |
| **DEFENDANT** ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S AMENDED MOTION FOR PROTECTIVE ORDER

Comes now the plaintiff, "Hamilton", and files this brief response to the 40 page motion filed by defendant "Avectus" on February 22, 2014, which is set for a telephone conference with the court on February 24, 2014 at 09:00 a.m.

1. Plaintiff's counsel has not "arbitrarily" noticed the deposition of Avectus without contacting defense counsel. Plaintiff's counsel emailed defense counsel on February 16, 2014 requesting dates for the deposition of Avectus.  (Exhibit 7 to Defendant's Motion.)

2. Plaintiff's counsel emailed a copy of the Deposition Notice to defense counsel on February 16, 2014, and again requested input as to deposition dates.  However, he also advised that it was necessary to move forward quickly in order to have the proof necessary to respond to the Motion for Summary Jdugment.  (Exhibit 1 attached hereto.)

3. After receiving no response from defense counsel, Plaintiff duly noticed the deposition and emailed same to defense counsel, (Exhibit 7 to Defendant's motion). Defense counsel finally responded that they and their client could be available for deposition on February 25, 2014, in Corinth Mississippi.  Plaintiff's counsel agreed to this demand and was prepared to go the Corporate Office of Avectus on said date.

4. Defense counsel then advised that its client did not have adequate space at its location, and wanted plaintiff to conduct the deposition at "The Hampton Inn" in Corinth MS on February 25, 2015. Plaintiff agreed to this demand, but requested that the defendant would have to pay for hotel room. (Exhibit 7 to Defendant's Motion.)

5. Defense demanded limits on the discovery requested at deposition.  Plaintiff's counsel responded, "I can work with you on the date and location of the deposition, but not the limit on what I can discover", (Exhibit 6 to Defendant's motion).

6. On February 18, 2014, Plaintiff's counsel made one last attempt to get Avectus to commit to a time and place for the deposition, and that it would produce the documents requested before Plaintiff incurred expenses of travel and court reporter costs. (Exhibit 7 to Defendant's motion).

7. Defense counsel made her intentions clear on February 18, 2014 -- Avectus had no intention of producing the discovery as requested by the plaintiff. (Exhibit 7 to Defendant's Motion). Defendant then proceeded to file its First Motion For protective Order on February 21, 2014, alleging, that "Kim Fair", the corporate representative for Avectus, does not travel for business purposes.  Avectus then amended its motion to say that Kim Fair actually does travel for work related purposes, but cannot be in Huntsville on February 24, 2014.

8. On February 12, 2014, this court entered an order converting Defendant's Motion For Judgment On The Pleadings, to one for Motion For Summary Judgment.  Plaintiff respectfully argues that several things then happened by virtue of said order. First, the court gave Plaintiff until February 28, 2014 to respond to Defendant's motion. Second, the court placed the burden on the Defendant to produce factual evidence supporting its motion.  Third the court placed upon the Plaintiff the burden to come forward with factual evidence in support of his allegations.

9. The Plaintiff initiated written discovery upon the Defendant on February 10, 2014. (Exhibit 2 hereto). Plaintiff has worked diligently to get this evidence, despite objection by the Defendant, and has only four days remaining to produce same. Although it may be a question of law as to whether Avectus is a Debt Collector, that determination can only by reviewing the factual evidence regarding Avectus' conduct.

10. Avectus has cited literally dozens of case law opinions in support of its numerous motions and objections. Yet, only a handful of these cases even remotely deal with the issue faced by this court, i.e. *What Exactly Is The Definition Of a Third Party Debt Collector Under The FFDCPA?* About the best case Avectus can cite is GOULD V. CLAIMASSIST, 876 Fd. Supp1018 (S. D Illinois 2012).

11. In "GOULD", The Hon Judge Stiehl, when faced with the same challenge and is his opinion, stated the following (*quoting Gburek v Litton Loan Servicing*, 614 F. 3d 380 (7th Cir. 2010)),

    [N]either this circuit nor any other has established a bright-line rule for determining whether a communication from a debt collector was made in connection with the collection of any debt…

    [T]he absence of a demand for payment is just one of several factors that come into play in the commonsense inquiry of whether a communication from a debt collector is made in connection with the collection of any debt"….The "nature of the parties relationship" and the "purposes and context of the communications" are also important factors. . . .

Otherwise, plaintiff's theoretical questions are not persuasive. In response to defendant's motion, plaintiff needs to have done more than raise some metaphysical doubt as to the material facts. He needed to come forward with specific fact showing there was some genuine issue for trial. He has not...

12. Perhaps Plaintiff's counsel in "Gould" did not do his homework. The undersigned does not want to be in that same position before this court. For that reason, Plaintiff respectfully seeks leave of this court to proceed with discovery as noticed so as to respond to Defendant's Motion For Summary Judgment.

Respectfully Submitted,


 /s/Josh O. Kelly, III
Josh O. Kelly III
ASB NO 6859-E68J
Attorney for Plaintiff
2206 B Clinton Avenue West
Huntsville, Alabama 35805
256-536-1688
 josh.kelly@joshkellylaw.com


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon counsel of record by Electronic Filing or by placing a copy of same in the United States Mail, postage prepaid and properly addressed to:

Long, Catherine  clong@bakerdonelson.com
Jenna Bedsole @bakersonelson.com
420 20th Street North
Birmingham, Alabama 35203

Dated this the 23d day of February, 2014


                              s/Josh O. Kelly, III
                              Josh O. Kelly, III